### NAGLE v CLEVELAND (city)

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 11111. Decided Nov 17, 1930

Louis Fernberg, Cleveland, for Nagle.

H. H. Burton, Cleveland, for Cleveland (city).

CLINE, J.

In the case of Bender v Adams, 26 O. L. R. 128, which this court has consistently followed since the opinion was rendered, the court held:

"Before search can be made of a private residence even by those armed with a warrant, there must be an investigation resulting in reasonable grounds for belief that violation of the liquor laws is occurring therein; otherwise officers making the search do so at their peril, and are trespassers ab inito, and liable for at least nominal damages.

The rights of the owner of a residence are not waived by the fact that he does not make a disturbance or resist the officers making a search."

We believe that the decision in the Bender case is sound and that its force should not be weakened.

When there is no evidence, direct or circumstantial, tending to prove that there was trafficking in intoxicating liquor in a private home, such home is protected against unlawful search and invasion.

The officers went to the place upon the complaint that the defendant's home and the "Embassy Inn" which is situated next door, were frequented by young girls. Upon their admission to the place, defendant, evidently relying upon his rights to have liquor in his house if it was not trafficked in, informed the officers of the possession of liquor.

Judge Grossman of the Municipal Court, after the evidence was detailed to her, stated:

"I don't think there is any excuse for an officer to go down there than there is any place else. I am holding no brief for officers doing that sort of thing."

She held because of the quantity of liquor present, which defendant claimed was to entertain guests at a party which he was to have the following day, that was sufficient evidence of the trafficking in liquor in the place. With this decision we would have no fault to find if there had been a search warrant lawfully obtained.

The only evidence of trafficking in liquor in this case was the mere possession of liquor. Mere possession, this court held, is not trafficking. The officers do not claim

to have any evidence of the trafficking in liquor nor any complaint of the trafficking in liquor in the home of defendant. The evidence upon this point is as fololws:

"Q. Did you ever watch this house before?
A. No, sir.
Q. It is furnished the same as your or my house?
A. It is.
Q. Did you see any trafficking in liquor going on in there?
A. No, sir.
Q. And you had no search warrant?
A. No, sir.
Q. When you walked in the kitchen you 'saw no violation of law, did you?
A. No.
Q. Did you see any young girls there?
A. No, sir."

Therefore, there being no evidence of the trafficking in intoxicating liquors claimed by the city in its brief, and no evidence that any liquors had been trafficked in, the decision in the Bender case will be followed.

The judgment of the Municipal Court is therefore reversed and the plaintiff in error discharged.

LEVINE, J, concurs in judgment.

VICKERY, PJ, dissenting:

Not being able to agree with my associates in the reversal of the judgment of the Municipal Court in this case, I feel it my duty to dissent from the judgment of reversal.

I think I understand the principle of law laid down in the case of Bender v Adams,' 26 O. L. R. 128, inasmuch, as I wrote the opinion and I laid down the law in that case as I understood it then to be and as I now understand it to be; and I think that a judgment of reversal of the Municipal Court would not be consistent with the judgment of this court in the Bender case.

The writer of this opinion believes that where a house has been entered either with permission or without, or without a search warrant, and then the officers find in that place a violation of the law, it is their duty to arrest, notwithstanding they had no warrant.

We held in the Bender case that where there was no proper search warrant sworn out because of no proper investigation, and the house was 'searched and nothing was found to show a violation of the law, then' the search warrant obtained under those circumstances would not save the officers from being liable in damages to the injured party. This member of the court believes

that now.

If, however, in the Bender case the officers had found evidence of trafficking in liquor—and in the Bender case we announced the doctrine that it was not necessary to prove a sale but the condition of the premises, the conduct of the parties, the amount of liquor found in the house, all things might be taken together and the court, without being shown that there was a sale, might readily find the person was guilty of trafficking liquor, and in that event whether the search warrant was issued legally or whether it was illegally issued, under the law of Ohio the house would have lost its sacredness as a home and it would have become merely a cloak under which a trafficking in liquor might be carried on * * * then a search warrant was not necessary. If not necessary at all, of course, it would follow that because it had not been properly issued, the defect would not avail the party whose house was searched.

Now, applying that doctrine to the instant case, There was no search warrant. The officers went to this place after numerous complaints had been made that the defendant was harboring girls or women and the officers hadn't any warrant. They did not need any warrant for they were not searching for anything. They went there on the complaint that girls had been harbored there and they searched the house and found no girls. They then went to the basement at the invitation of the owner. He apparently construed the Bender case as some others would like to construe it, because he gleefully, apparently, invited the officers to the basement, and lo, when they got to the basement there was a well stocked saloon, a bar with a keg of beer on tap, a large quantity of liquor, another keg of beer close by, a five-gallon can containing about three gallons of liquor, three other gallon jugs about half full and a pint bottle of whiskey, empty whiskey bottles and glasses such as would be found in a well supplied saloon, and the owner admitted that this was his liquor. Under authority of the Bender case and many other decisions of this court, wasn't a trial judge justified in finding that this liquor was used in traffic? Men don't set up a saloon in their basement ordinarily; they don't have a keg of beer on tap and another one close by; they don't have three gallons of liquor in a can and five jugs of liquor outside with a pint bottle of whiskey and glasses, and all paraphernalia to run a saloon.

The Bender case,—and I speak advisedly —was not intended to cover situations like that, and that is the reason that in the Bender case the writer of that opinion

pointed out that surroundings, the amount of liquor, the condition of things might justify the belief that trafficking was going on in that place.

Now, the trial judge had all this before it, and so it was a matter of evidence and the writer of this dissenting opinion thinks that that evidence was sufficient upon which the court might base a judgment of conviction. In other words, there was a situation which indicated a violation of the law. The officers of the law having the man there, admitting that the liquor was his, saw a palpable violation under their very noses and it was the duty of the policemen, under this situation, to arrest without a warrant. That theory is borne out in almost the latest pronouncement of the Supreme Court in the case of **Porello v State of Ohio, 121 Oh St 280,** in an opinion by Allen, J. The principle is the same in that case as in this.

The officers, without a warrant, found the law being violated by the defendant's having a large quantity of liquor, and by his having a well equipped saloon in a basement of a house, and so they arrested this man and the court properly, in the judgment of the writer of this opinion, refused to grant a motion to return the contraband to the defendant below, and the court was right in using this evidence and in finding the party guilty, and for that reason I cannot concur with my associates and feel it my duty to dissent. I think the judgment of conviction ought to have been affirmed.